Jiang v. Garland
BIA
Conroy, IJ
A206 368 837

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-two.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

JIAN XIN JIANG,
> *Petitioner*,

v.                                          20-3041
                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Joshua Bardavid, Esq., New York, NY.

FOR RESPONDENT:        Brian M. Boynton, Acting Assistant Attorney General; Laura Halliday

Hickein, Acting Senior Litigation Counsel; Jennifer R. Khouri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Xin Jiang, a native and citizen of the People's Republic of China, seeks review of an August 10, 2020 decision of the BIA affirming a June 6, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Xin Jiang,* No. A 206 368 837 (B.I.A. Aug. 10, 2020), *aff'g* No. A 206 368 837 (Immig. Ct. N.Y.C. June 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the

2

agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Substantial evidence supports the adverse credibility

determination here. Jiang alleged a past arrest and detention for violating the family planning policy, a fear of future persecution because the government had demolished his family's home without compensation, and a fear of religious persecution based on his practice of Christianity in the United States. The agency reasonably relied on inconsistencies within Jiang's statements and between his statements and other evidence.

First, he was inconsistent about his arrest for violating the family planning policy. He testified that police officers arrested him and took him to a police station, but later testified that family planning officials took him to a family planning facility, which was "different from the police facility." The agency was not required to credit his explanation that family planning officials took him to a police facility because the family planning facility was full, as that explanation conflicted with his testimony that police and family planning officials do not work together. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must

4

demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Second, the record is inconsistent about when Jiang's family's home was demolished. There were inconsistencies within his own testimony and with his mother's testimony. He testified that the destruction of the home gave rise to his issues with family planning authorities in 2009, stated in his personal statement that the home was demolished in 2013, and his mother said it happened in 2011.

Third, Jiang's testimony was inconsistent regarding why he was not baptized. He testified that he attended church, but also that he could not get baptized because he lived on Long Island, did not know how to take subways, and could not schedule a baptism because the Chinese shuttle ran only once a week. *See Majidi*, 430 F.3d at 80.

Finally, he failed to rehabilitate his claims with corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already

5

been called into question."). His mother did not confirm his practice of Christianity; the agency was not required to credit declarations from Jiang's wife or mother because his wife and mother were interested parties; his wife was not available for cross-examination; and, as noted above, there were inconsistencies between Jiang's and his mother's statements. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (upholding the BIA's decision to give little weight to letters because they were from interested parties and the authors were not available for cross-examination); *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to the agency's determination of the weight afforded to an alien's documentary evidence).

In sum, the inconsistencies and lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang,* 496 F.3d at 273. The adverse credibility determination is

6

dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicates. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                                FOR THE COURT:
                                Catherine O'Hagan Wolfe,
                                Clerk of Court
```